NOTICE

Decision filed 02/16/23. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2023 IL App (5th) 220713-U

NO. 5-22-0713

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| *In re* J.S., a Minor | ) | Appeal from the |
| | ) | Circuit Court of |
| (The People of the State of Illinois, | ) | Saline County. |
| | ) | |
| Petitioner-Appellee, | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 21-JA-22 |
| Tonya S. and Matthew S., | ) | |
| | ) | |
| Respondents | ) | Honorable |
| | ) | Amanda Byassee Gott, |
| (Tonya S., Respondent-Appellant)). | ) | Judge, presiding. |

_____

JUSTICE MOORE delivered the judgment of the court.
Presiding Justice Boie and Justice Welch concurred in the judgment.

**ORDER**

¶ 1   *Held*: Where the only witnesses testified that respondent had made unsatisfactory progress and recommended that her parental rights be terminated, the circuit court's order to that effect was not against the manifest weight of the evidence. As any argument to the contrary would clearly lack merit, we grant leave to appointed counsel to withdraw and affirm the circuit court's judgment.

¶ 2   Respondent, Tonya S., appeals the circuit court's order terminating her parental rights to J.S. and awarding custody to the Department of Children and Family Services (DCFS) with the authority to consent to his adoption. Respondent's appointed counsel on appeal has concluded that there is no arguably meritorious contention that the court erred in so doing. Accordingly, he has filed a motion to withdraw as counsel. See *Anders v. California*, 386 U.S. 738 (1967). Counsel

1

has notified respondent of his motion and this court provided her with ample opportunity to file a response, but she has not done so. After reviewing the record and considering counsel's motion, we agree that this appeal presents no issue of even arguable merit. Therefore, we grant counsel leave to withdraw and affirm the circuit court's judgment.

¶ 3                                      BACKGROUND

¶ 4      The State filed a petition for adjudication of wardship alleging that the minor was neglected in that, at the time of his birth, his mother, respondent, tested positive for amphetamine and methamphetamine, respondent had a history of substance abuse and had failed to cooperate with prior service plans, and respondent had another child who had been adjudicated neglected.

¶ 5      At the initial shelter-care hearing, Stephany Dutton testified that the as-yet-unnamed minor had been taken into protective custody the previous weekend in response to a report that its mother had amphetamine and methamphetamine in her system at the time of his birth. Respondent admitted to another caseworker that she had "relapsed on methamphetamine." Dutton had been involved in a previous case in which respondent delivered a child exposed to the same drugs. Dutton spoke to the caseworker on that case, who informed her that respondent had "done nothing on the service plan" and did not visit with the child the prior month. Dutton opined that an immediate and urgent necessity existed to remove the child from its mother's care.

¶ 6      The court found probable cause to believe that the minor was neglected. The court entered a shelter care order and scheduled an adjudicatory hearing.

¶ 7      At the hearing, respondent stipulated to counts III and IV of the petition, which alleged, respectively, that respondent had another child who was adjudicated neglected and for whom a petition to terminate parental rights was pending and that J.S. was born with amphetamine and methamphetamine in his system. Two other counts were dismissed.

2

¶ 8    In September 2022, the State moved to terminate respondent's parental rights. At an October 18, 2022, hearing, caseworker Aubrey Berry testified that respondent's parental rights to J.S.'s brother, Jo. S., had been terminated. Prior to leaving the agency in August, she participated in reviewing four of respondent's service plans. She was rated "unsatisfactory" each time, "due to an overall lack of progress in services." Although respondent completed some tasks, she did not complete enough to warrant a satisfactory rating. Respondent had refused all drug testing throughout the history of the case with the exception of one test, which was positive.

¶ 9    Kelsie Arp, the case supervisor, testified similarly to Berry. She noted that the service plans were explained to respondent. She agreed that respondent had not made satisfactory progress and, specifically, that she had not complied with drug-testing requirements.

¶ 10    The parents had attended visitations regularly. They brought the minor gifts on his birthday. Respondent had completed an online parenting class.

¶ 11    The circuit court found that it was faced with "a mother who refused or would not take drug tests in this matter," despite the fact that her drug use was what had brought the minor to the attention of the child welfare system in the first place. Accordingly, the court concluded that the State had proved respondent unfit.

¶ 12    The cause proceeded immediately to a best-interests hearing. Arp testified that J.S. had been placed with the same family as his brother. The foster parents were willing to adopt both children. The child was bonded with the foster parents, who provided for his needs. J.S. loved his brother and the foster parents.

¶ 13    Although respondent's counsel cross-examined the witnesses, respondent did not testify or present any evidence. The court ordered custody to remain with DCFS and changed the permanency goal to adoption, and respondent timely appealed.

¶ 14                                    ANALYSIS

¶ 15    Respondent's appointed counsel concludes that there is no reasonably meritorious argument that the court erred in terminating respondent's parental rights with a view toward the minor's adoption. We agree.

¶ 16    We note that the evidence in this case was understandably similar to that in the case of J.S.'s brother, Jo. S. In respondent's appeal in that case, we granted appellate counsel's motion to withdraw and affirmed the circuit court's judgment terminating respondent's parental rights and making the minor a ward of the court. *In re Jordan S.*, 2022 IL App (5th) 220516-U, ¶ 23.

¶ 17    Before committing a minor to the custody of DCFS, a circuit court must first decide whether his or her parent is unfit, unable, or unwilling to care for the child, and whether the minor's best interests will be jeopardized if the minor remains in the custody of his or her parents. *In re M.M.*, 2016 IL 119932, ¶ 21 (citing 705 ILCS 405/2-27(1) (West 2012)). We will reverse a circuit court's finding of unfitness only if the finding is against the manifest weight of the evidence. *In re A.W.*, 231 Ill. 2d 92, 104 (2008).

¶ 18    The motion to terminate respondent's parental rights alleged that she failed to "make reasonable efforts to correct the conditions that were the basis for the removal of the child from the parent" during the previous nine months. See 750 ILCS 50/1(D)(m)(i) (West 2020). The witnesses testified that respondent was consistently rated unsatisfactory in achieving the service plan objectives. Both witnesses opined that it was in the minor's best interests to terminate respondent's parental rights and allow the minor to be adopted by the foster parents. Respondent presented no contrary evidence.

¶ 19    Although the witnesses testified that respondent had visited the minor and completed a parenting class, both testified that respondent had consistently failed to undergo drug testing. As

4

the circuit court observed, this was clearly critical given that the minor was born with drugs in his system, which was the reason that his case came to the attention of DCFS. Faced with uncontradicted evidence that respondent's progress was unsatisfactory throughout the pendency of the case, we cannot say that the circuit court's findings were against the manifest weight of the evidence.

¶ 20                                    CONCLUSION

¶ 21    Accordingly, we agree with counsel that this appeal presents no issue of even arguable merit. We grant counsel leave to withdraw and affirm the circuit court's judgment.


¶ 22    Motion granted; judgment affirmed.